JOHN H. PLATT, as Assignee in Bankruptcy of the Stuyvesant Bank, Respondent, *v.* AMAZIAH L. ASHMAN, Appellant, Impleaded, etc.

*Dissolution of a corporation during the pendency of an action brought by it — the action is not thereby abated — it may be continued, without an order of the court, by the receiver or by an assignee in bankruptcy — 2 R. S. (6th ed.), 392, sec. 11 — U. S. R. S., 981, sec. 5047 — Code of Procedure, sec. 121.*

Appeal from an order directing John H. Platt, as assignee in bankruptcy, to be substituted as plaintiff in the place and stead of the Stuyvesant Bank, and from a judgment directing the recovery by him as such assignee of the amount reported due by a referee upon the hearing and determination of the issues in the action.

The court at General Term said : " The action was brought upon two bonds executed and delivered at different times by the defendants in the action, to the Stuyvesant Bank, for the good conduct, honesty, fidelity and ability of the defendant Edwin D. McMurray, as receiving teller of the bank. It was alleged in the complaint that Murray had not faithfully discharged his duties in that capacity, but had misappropriated the funds of the bank, and the trial mainly involved the truth of these allegations. During the progress of the trial an action was brought against the bank to dissolve it as a corporation on the ground of its alleged insolvency, and a determination to that effect was made in the latter part of the year 1871 and judgment rendered adjudging the charter of the bank to be forfeited and its incorporation to be dissolved. Before that, and in the progress of the suit, Oliver H. P. Archer was appointed receiver of its effects, and entered upon the discharge of his duties as such, and by the judgment he was continued in office as such receiver.

In January, 1872, proceedings in bankruptcy were commenced under the bankrupt law of the United States against the bank in which it was adjudged a bankrupt, and John H. Platt, the present plaintiff and respondent, was appointed its assignee, and the property and assets of the bank were by an order of the United States District Court assigned to him, and he entered upon the discharge of his duties as assignee.

No order was at any time made, either while Archer was receiver,

or after Platt had been appointed assignee in bankruptcy of the bank, reviving or continuing the action in favor of either of these persons. And after their respective appointments proof of these facts was made before the referee, who was thereupon requested to discontinue the trial, or to decline receiving evidence under the isues joined in the action. And the objection was on each occasion taken to his power to proceed with the trial. These objections were overruled and the trial proceeded under the assurance of counse¹ that they were acting, first, under the authority of the receiver and afterwards under that of the assignee. After the evidence had been all taken the same objections were again renewed and the referee was requested to strike out the testimony taken in these intervals. But he declined to do so, and the case was then submitted to him for his decision. After that he made a report in favor of the plaintiff in the action, which had to that point proceeded solely in the name of the bank. After the report was made an application was made to the court for leave to bring in the assignee in bankruptcy as plaintiff by means of a supplemental complaint. Leave was given to serve such a complaint, and issue was joined upon the allegations contained in it. These issues were tried at the Special Term and a judgment rendered in favor of the assignee, substituting him as plaintiff in the action and permitting a final judgment for the recovery of the amount found due and owing by the referee's report. Exceptions were made to the determination of the court, allowing the recovery and presenting the point whether the referee could lawfully proceed in the action without some order or direction of the court after the dissolution of the bank as a corporation. It has been urged that authority to continue the suit in the name of the corporation after its dissolution was provided by statute, authorizing the referee to proceed as he did. This statute was enacted in the year 1832, and has since been incorporated in 2 Revised Statutes (6th ed.), 392, section 11. This section is in the following terms : " The dissolution of a corporation by a decree of the Court of Chancery, or by the expiration of its charter or otherwise, shall not abate any suit or proceedings in favor of such corparations, which shall have been pending at the time of such dissolution; but all such suits or proceedings may be continued by the receivers, who shall have been

appointed for such corporation by the Court of Chancery, or by the trustees on whom the estate and effects of such corporation shall have devolved, in the name of such corporation, or in the names of such receivers or trustees who shall be substituted as plaintiffs under the direction of the court in which the suit shall be pending, and subject to such order as the court may deem expedient in relation to the payment or security of costs.".

This was an action in favor of the corporation within the language of this statute, and by its direct authority it did not abate by the dissolution of the corporation, and the receiver was entitled to continue its prosecution under the authority which it conferred upon him. This was considered its proper construction in _New York Marbled Iron Works_ v. _Smith_ (4 Duer., 362, 478–9), where it was held that no special authority from the court to the receiver to continue the prosecution of the action was necessary. A view somewhat in conflict with this conclusion was suggested in _Talmage_ v. _Pell_ (9 Paige, 410, 414), but as the point was not essential to the determination of the controversy in that case, what was said was a mere _dictum_ and not controlling when the effect required to be given to the language of the statute is considered. For by its latter branch no order or direction seems to have been made requisite unless the receiver himself applied to be substituted as plaintiff in the action, and then it was required to be given as a direction to him as well as for the benefit of the adverse party. But in this case he did not apply to become a party to the action, but proceeded under the general authority contained in the statute allowing him to continue the action. And that by the evidence he appeared to do by the attorneys previously employed for that purpose by the bank.

The case of _McCulloch_ v. _Norwood_ (58 N. Y., 562) has also been relied upon as in conflict with this construction of the statute. But that very manifestly should not be considered the effect of the decision, for the judgment which was there held to be void was recovered against the corporation after its dissolution, in an action prosecuted for that purpose in the State of Ohio. It is true that the statutory law of the State of Ohio was for the purposes of the decision assumed to be the same as that of the State of New York, but it was still held to be insufficient to authorize the judgment upon which an action in this State had been maintained. And that

determination proceeded upon the conclusion that the action actually and for all purposes abated by the dissolution of the corporation. This view was adopted under a settled principle of the common law applicable to the subject. As to an action against a corporation no statutory provision existed, except that contained in section 121 of the Code of Procedure, which was deemed insufficient to prevent the abatement of the action and to dispense with an order reviving it against the receiver. A very different principle, however, has been adopted for the government of actions in the name of the corporation, by the enactment of the statute of 1832; for it has been declared in that enactment that the dissolution of a corporation by a decree of the Court of Chancery, the forfeiture of its charter, or otherwise, shall not abate any suit or proceedings in favor of the corporation pending at the time of its dissolution. Under this plain language the action did not at any time abate because the corporation had been dissolved, but it continued notwithstanding that fact, as a pending action in its name, which could be carried on and prosecuted by the receiver for the recovery of the demands in controversy.

The decree in bankruptcy under which the assignee was appointed and the property and assets of the corporation were transferred to him, in no form added any further effect to the judgment previously recovered against the bank adjudging its dissolution. For it merely provided for a sequestration of its property and the disposition of it under the terms of the bankrupt law, and as this action had not previously abated, this decree in no manner affected the disposition of it. It is true that this statute did not provide for the continued prosecution of the action by the assignee in bankruptcy, neither did it permit its abatement by reason of his appointment, but under its direct language this action still continued afterwards to be pending. And under the authority of section 121 of the Code of Procedure, which was the law at that time in force, the assignee was entitled to continue it if he chose to do so, in the name of the bank. That section, after providing that no action should abate by the death, marriage, or other disability of a party, or the transfer of any interest therein, if the cause of action survived, specially further provided that in case of death, marriage or disability of a party, the court might allow the action to be continued against his

representative or successor in interest. But this latter provision was made applicable only to the case of a party against whom the action should be prosecuted, who became disabled by death, marriage, or otherwise, permitting the action to be continued against him or his estate. It was not made to include the case of the transfer of the cause of action itself to another party, and did not, therefore, require his or its representative or successor in interest to be brought in as a party in the action. On the contrary, it further provided in plain terms that in case of any other transfer of interest, the action should be continued in the name of the original party, or the court might allow the person to whom the transfer was made to be substituted in the action. The transfer to the assignee in bankruptcy was within this latter clause of the section, and by its express terms he was not required to substitute himself as plaintiff in the action before he could regularly proceed with its prosecution. He was at liberty, on the contrary, to continue the action in the name of the original party, as he is shown to have done by the evidence which was given upon the trial.

It is true that this authority was not expressly conferred upon him by the provisions of the bankrupt law relating to actions pending in the name of the bankrupt. For they simply authorized him, if he required it, to be permitted to prosecute the action in his own name in like manner and with like effect as if it had been originally commenced by him. (U. S. R. S., 981, § 5047.) This provision made it optional with the assignee whether he would apply to be substituted as the plaintiff and have the action proceed in his name or not. It was by no means mandatory that he should do so, neither did this or any other provision of the bankrupt law forbid him from carrying on the litigation in the name of the bankrupt. And as assignee, in whom by legal proceedings under the bankrupt law, the title to the cause of action had become vested, he had acquired such a transfer of interest as authorized and permitted him, under this section of the Code of Procedure, to continue and proceed with the action in the name of the bankrupt. The objections, therefore, which were presented to the referee and also taken to the decision of the court upon the disposition of the issues joined on the allegations of the supplemental complaint, can neither of them be sustained. But it must be held that the action was

regularly tried, and that judgment was afterwards directed upon the report of the referee by virtue of legal authority. \* \* \*

*F. J. Fithian,* for the appellant.

*S. K. & F. B. Wightman,* for the respondent.

Opinion by Daniels, J.; Davis, P. J., and Brady, J., concurred.

Judgment affirmed.